1

2

3

4      IN THE UNITED STATES DISTRICT COURT

5      FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7  HENRY R. HU and STEPHANIE F. HU,    ) Case No. 09-2588 SC
                                       )
8            Plaintiffs,               ) SECOND ORDER RE: SERVICE OF
                                       ) PROCESS
9       v.                             )
                                       )
10                                     )
   LANEY LEE, JASON WANG, STEWARD      )
11 WANG, ANITA BEI HUANG, JERRY        )
   HUANG, EDWARD WONG, KING MARK, I-   )
12 95 MALL OF ASIA INC., A.T.E.C.      )
   HOLDING INC., AMERICAN PRODUCTS     )
13 EXHIBITION & EXCHANGE CENTER        )
   (U.S.A.), INC., ETRADE GUARANTEE    )
14 (U.S.A.), INC., ETRADE GUARANTEE    )
   ASSURANCE CORP., EASY EXPRESS       )
15 SERVICES CORP., KATHY WANG, RUNAN   )
   ZHANG, ANDY TING,                   )
16                                     )
                                       )
17           Defendants.               )
                                       )
18

19 **I.    INTRODUCTION**

20      This matter comes before the Court on Plaintiffs' Motion to

21 Extend Time to Serve and Motion to Serve Defendants in Foreign

22 Countries by Other Means; Motion to Reschedule Case Management

23 Conference ("Motion").  Docket No. 35.  Plaintiffs contend that

24 Defendants Anita Bei Huang, Jerry Huang and Kathy Wang

25 (collectively, "Defendants"), are residing in China, and that

26 Plaintiffs' various attempts to serve them in the United States

27 have failed.  Id. ¶¶ 5-8.  To this end, Plaintiffs request that

28 this Court extend the time within which Plaintiffs may serve these

1    Defendants, and further request leave to serve these Defendants "by

2    other means, including emails."  Id. ¶¶ 9, 14.  Plaintiffs have

3    also requested that this Court reschedule the initial case

4    management conference.  Id. ¶ 15.

5

6    **II.   DISCUSSION**

7         **A.    Extension of Time to Serve Defendants**

8         The Court first addresses Plaintiffs' request for an extension

9    of time to perform service.  Service of process must typically be

10   performed within 120 days of the date on which the plaintiff files

11   a complaint.  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows

12   good cause for the failure [to timely serve a defendant], the court

13   must extend the time for service for an appropriate period."  Id.

14        Defendants Anita Bei Huang and Jerry Huang were first named in

15   Plaintiffs' original Complaint, filed nearly six months ago on June

16   10, 2009.  See Compl., Docket No. 1.  Plaintiffs attempted to serve

17   these two Defendants on June 15, 2009.  Henry Hu Decl. ¶ 6.[1]  The

18   Court notes that it has already granted an extension of the 120-day

19   deadline as to Defendant Anita Bei Huang, extending this deadline

20   by two months at Plaintiffs' request.  Docket No. 12.  When making

21   the previous request for an extension, Plaintiffs made no mention

22   of Defendant Jerry Huang.  Plaintiffs have failed to submit any

23   evidence that suggests that they have diligently attempted to serve

24   these Defendants at all since June 15, 2009, or that they have made

25   good use of the Court's previous extension of time as to Anita Bei

26   Huang.  Consequently, Plaintiffs have not shown "good cause" as

27   ────────────────────

[1] Plaintiff Henry Hu, an attorney representing himself and

28   Stephanie Hu, filed a declaration in support of the Motion.  Motion
     Ex. 1.

2

1 required by Rule 4(m). The Court therefore DENIES Plaintiffs'

2 request to extend the deadline for service as to Jerry Huang and

3 Anita Bei Huang. This denial is without prejudice; Plaintiffs may

4 resubmit a motion to extend the deadline, but must base their

5 request upon evidence that they have been diligent in attempting to

6 serve Jerry Huang and Anita Bei Huang.

7      Plaintiffs have not previously requested an extension of the

8 120-day deadline as to Defendant Kathy Wang. Kathy Wang was first

9 named in Plaintiffs' First Amended Complaint ("FAC"), filed roughly

10 one month ago on November 10, 2009. Docket No. 31. Consequently,

11 the Court orders that Defendant Kathy Wang be served no later than

12 March 10, 2010.

13      **B.**    **Service "By Other Means"**

14      Second, the Court addresses Plaintiffs' request to serve

15 Defendants "by other means," pursuant to Rule 4(f)(3) of the

16 Federal Rules of Civil Procedure. Plaintiffs allude to email

17 contact that they have had with Defendant Anita Bei Huang, and the

18 Court assumes that Plaintiff is requesting permission to serve

19 these Defendants via email. The Ninth Circuit has previously

20 permitted service by email where plaintiffs are able "to

21 demonstrate that the facts and circumstances of the present case

22 necessitate[] the district court's intervention." Rio Props., Inc.

23 v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002). The

24 Ninth Circuit emphasized that alternative methods of service

25 authorized by Rule 4(f)(3) "must be reasonably calculated, under

26 all the circumstances, to apprise interested parties of the

27 pendency of the action and afford them an opportunity to present

28 their objections." Id. at 1016-17 (citation and internal quotation

1  marks omitted).  In particular, the court emphasized a concern that

2  "there is no way to confirm receipt of an e-mail message."  <u>Id.</u> at

3  1018.

4      In their request, Plaintiffs have not specified a precise

5  method of alternative service.  The Court will not issue a blanket

6  order authorizing service "by other means."  Before this Court

7  authorizes a particular method of service, Plaintiffs must identify

8  a method that is reasonably calculated to notify Defendants.

9  Plaintiffs must therefore identify particular email addresses for

10 the Court, and must demonstrate that Defendants can and will be

11 reached through these email addresses.  In order to make this

12 showing, Plaintiffs may submit recent correspondences that they

13 have had with Defendants at specific email addresses.  The Court

14 will also entertain motions for third-party discovery upon email

15 service providers, if Plaintiffs believe that such discovery will

16 help to establish that Defendants can and will be reached at

17 specific email addresses.  If Plaintiffs can do so, they may

18 further support their request by seeking permission to use

19 additional methods of service that can be performed in conjunction

20 with service by email, such as sending the summons and FAC to a

21 physical address by international mail.  The Court DENIES

22 Plaintiffs' request to serve Defendants by other means, as to each

23 Defendant and without prejudice.

24      **C.    <u>Initial Case Management Conference</u>**

25      Finally, Plaintiffs have requested that the Court reschedule

26 the initial case management conference.  The Court hereby GRANTS

27 this request.  In light of the substantial evidentiary requirements

28 that the Court has outlined above, this request is especially

1 appropriate.  The Court hereby GRANTS Plaintiffs' request to

2 reschedule the initial case management conference.

3

4 **III.  CONCLUSION**

5      The Court hereby GRANTS Plaintiffs' request to extend the

6 deadline for service as to Defendant Kathy Wang.  Service upon

7 Kathy Wang may be performed no later than March 10, 2010.

8      The Court DENIES Plaintiffs' request to extend the deadline

9 for service upon Anita Bei Huang and Jerry Huang.  Plaintiffs may

10 submit another motion requesting an extension of time as to these

11 Defendants no later than December 31, 2009.

12      The Court DENIES Plaintiffs' request to permit service upon

13 Defendants Anita Bei Huang, Jerry Huang, and Kathy Wang "by other

14 means."  Plaintiffs may submit another motion requesting specific

15 alternative means of service upon these Defendants no later than

16 December 31, 2009.

17      The initial case management conference that is scheduled for

18 December 18, 2009 is VACATED.  The initial case management

19 conference will instead take place on Friday, April 16, 2010, at

20 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450

21 Golden Gate Avenue, San Francisco, CA 94102.

22

23      IT IS SO ORDERED.

24

25      Dated: December 10, 2009

26                                   UNITED STATES DISTRICT JUDGE

27

28