United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY R. HU and STEPHANIE F. HU,<br><br>    Plaintiffs,<br><br>  v.<br><br>LANEY LEE, JASON WANG, STEWARD WANG, ANITA BEI HUANG, JERRY HUANG, EDWARD WONG, KING MARK, I-95 MALL OF ASIA INC., A.T.E.C. HOLDING INC., AMERICAN PRODUCTS EXHIBITION & EXCHANGE CENTER (U.S.A.), INC., ETRADE GUARANTEE ASSURANCE CORP., EASY EXPRESS SERVICES CORP., KATHY WANG, RUNAN ZHANG, ANDY TING,<br><br>    Defendants. | Case No. 09-2588 SC<br><br>SECOND ORDER RE: SERVICE OF PROCESS |

**I.   INTRODUCTION**

    This matter comes before the Court on Plaintiffs' Motion to Extend Time to Serve and Motion to Serve Defendants in Foreign Countries by Other Means; Motion to Reschedule Case Management Conference ("Motion"). Docket No. 35. Plaintiffs contend that Defendants Anita Bei Huang, Jerry Huang and Kathy Wang (collectively, "Defendants"), are residing in China, and that Plaintiffs' various attempts to serve them in the United States have failed. Id. ¶¶ 5-8. To this end, Plaintiffs request that this Court extend the time within which Plaintiffs may serve these

Defendants, and further request leave to serve these Defendants "by other means, including emails."  Id. ¶¶ 9, 14.  Plaintiffs have also requested that this Court reschedule the initial case management conference.  Id. ¶ 15.

## II. DISCUSSION

### A. Extension of Time to Serve Defendants

The Court first addresses Plaintiffs' request for an extension of time to perform service.  Service of process must typically be performed within 120 days of the date on which the plaintiff files a complaint.  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period."  Id.

Defendants Anita Bei Huang and Jerry Huang were first named in Plaintiffs' original Complaint, filed nearly six months ago on June 10, 2009.  See Compl., Docket No. 1.  Plaintiffs attempted to serve these two Defendants on June 15, 2009.  Henry Hu Decl. ¶ 6.[1]  The Court notes that it has already granted an extension of the 120-day deadline as to Defendant Anita Bei Huang, extending this deadline by two months at Plaintiffs' request.  Docket No. 12.  When making the previous request for an extension, Plaintiffs made no mention of Defendant Jerry Huang.  Plaintiffs have failed to submit any evidence that suggests that they have diligently attempted to serve these Defendants at all since June 15, 2009, or that they have made good use of the Court's previous extension of time as to Anita Bei Huang.  Consequently, Plaintiffs have not shown "good cause" as

---

[1] Plaintiff Henry Hu, an attorney representing himself and Stephanie Hu, filed a declaration in support of the Motion.  Motion Ex. 1.

2

required by Rule 4(m).  The Court therefore DENIES Plaintiffs' request to extend the deadline for service as to Jerry Huang and Anita Bei Huang.  This denial is without prejudice; Plaintiffs may resubmit a motion to extend the deadline, but must base their request upon evidence that they have been diligent in attempting to serve Jerry Huang and Anita Bei Huang.

Plaintiffs have not previously requested an extension of the 120-day deadline as to Defendant Kathy Wang.  Kathy Wang was first named in Plaintiffs' First Amended Complaint ("FAC"), filed roughly one month ago on November 10, 2009.  Docket No. 31.  Consequently, the Court orders that Defendant Kathy Wang be served no later than March 10, 2010.

**B.   Service "By Other Means"**

Second, the Court addresses Plaintiffs' request to serve Defendants "by other means," pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.  Plaintiffs allude to email contact that they have had with Defendant Anita Bei Huang, and the Court assumes that Plaintiff is requesting permission to serve these Defendants via email.  The Ninth Circuit has previously permitted service by email where plaintiffs are able "to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).  The Ninth Circuit emphasized that alternative methods of service authorized by Rule 4(f)(3) "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 1016-17 (citation and internal quotation

3

1  marks omitted).  In particular, the court emphasized a concern that
2  "there is no way to confirm receipt of an e-mail message."  Id. at
3  1018.
4      In their request, Plaintiffs have not specified a precise
5  method of alternative service.  The Court will not issue a blanket
6  order authorizing service "by other means."  Before this Court
7  authorizes a particular method of service, Plaintiffs must identify
8  a method that is reasonably calculated to notify Defendants.
9  Plaintiffs must therefore identify particular email addresses for
10 the Court, and must demonstrate that Defendants can and will be
11 reached through these email addresses.  In order to make this
12 showing, Plaintiffs may submit recent correspondences that they
13 have had with Defendants at specific email addresses.  The Court
14 will also entertain motions for third-party discovery upon email
15 service providers, if Plaintiffs believe that such discovery will
16 help to establish that Defendants can and will be reached at
17 specific email addresses.  If Plaintiffs can do so, they may
18 further support their request by seeking permission to use
19 additional methods of service that can be performed in conjunction
20 with service by email, such as sending the summons and FAC to a
21 physical address by international mail.  The Court DENIES
22 Plaintiffs' request to serve Defendants by other means, as to each
23 Defendant and without prejudice.

24      **C.   Initial Case Management Conference**

25      Finally, Plaintiffs have requested that the Court reschedule
26 the initial case management conference.  The Court hereby GRANTS
27 this request.  In light of the substantial evidentiary requirements
28 that the Court has outlined above, this request is especially

4

appropriate.  The Court hereby GRANTS Plaintiffs' request to reschedule the initial case management conference.

### III. CONCLUSION

The Court hereby GRANTS Plaintiffs' request to extend the deadline for service as to Defendant Kathy Wang.  Service upon Kathy Wang may be performed no later than March 10, 2010.

The Court DENIES Plaintiffs' request to extend the deadline for service upon Anita Bei Huang and Jerry Huang.  Plaintiffs may submit another motion requesting an extension of time as to these Defendants no later than December 31, 2009.

The Court DENIES Plaintiffs' request to permit service upon Defendants Anita Bei Huang, Jerry Huang, and Kathy Wang "by other means."  Plaintiffs may submit another motion requesting specific alternative means of service upon these Defendants no later than December 31, 2009.

The initial case management conference that is scheduled for December 18, 2009 is VACATED.  The initial case management conference will instead take place on Friday, April 16, 2010, at 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

IT IS SO ORDERED.

Dated: December 10, 2009

_____
UNITED STATES DISTRICT JUDGE

5